JACK AND MURRAY SCHWAB, personally and doing business under the náme of SCHWAB AND SCHWAB, Petitioners and Appellees, *v.* DISTRICT COURT OF MAYAGÜEZ, F. NAVARRO ORTIZ, JUDGE, Defendant; and LUIS C. VARELA, personally and under the name of THE BORINQUEN EMBROIDERY CO., Defendant in the main action, Appellant.

No. 7879. Argued June 6, 1939.—Decided July 3, 1939.

*A. Ramírez Silva,* for appellant. *Harry M. Besosa,* for appellees.

MR. JUSTICE WOLF delivered the opinion of the Court.

This was a case which involved the question of whether the appellant from the municipal court to the district court had acted to have his appeal put on the calendar of cases.

An application for a writ of certiorari was made on September 1938 before the Chief Justice, acting as Judge in vacation.

Section 3 of Act No. 31 of May 11, 1934, provides: (Session Laws, p. 292.)

"(a) The secretary of the district court shall place the cause on the docket of civil actions, serving notice on the parties in interest. The appellant shall request the inclusion of said action in the calendar of civil actions in the first reading that may be held subsequent to the filing of the case. When the appeal is called for trial, the court shall, on motion of the appellant, review and consider any preliminary order, decision or ruling by which he consider himself to have been aggrieved. Such questions having been determined, the cause shall proceed to trial in accordance with the arguments had unless the judge shall, by virtue of demurrer, have allowed the complaint or answer to be amended. The action thus being finally at issue, the trial shall be held as a trial *de novo*, and shall be governed by all provisions of law and rules of court affecting trials of actions originally brought in the district court. (b) If the appellant fails to request the inclusion of the case in the calendar, the district judge shall dismiss the appeal imposing the costs on the appellant; and the secretary shall immediately return the cause to the inferior court for the execution of the judgment appealed from."

The Chief Justice considered the case and after citing from *Marrero* v. *Muller,* 35 P.R.R. 339, *Morales, Ramos & Co.* v. *District Court et al.,* 35 P.R.R. 835, *Guerra* v. *Carrión,* 47 P.R.R. 757, *Manrique* v. *District Court,* 48 P.R.R. 600, and *Cobián* v. *Espina,* 50 P.R.R. 178, held that the appellant had failed properly to have his case put on the calendar. The appellant maintained before the Chief Justice that it was not necessary for him to have the case put on the calendar inasmuch as the appellees had moved to dismiss the appeal and the motion had not been decided. The motion was decided on the 23d of June 1938, and the defendant was not advised of it until the day after, when the calendar had already been read.

The Chief Justice held that the pendency of the motion did not prevent the appellant from having his case put on the calendar. He decided, therefore, that the appeal should have been dismissed and his judgment was that the case be remanded to the District Court of Mayagüez for its due dismissal.

On appeal the appellant admits the general applicability of the decision of the Chief Justice and the cases quoted by him, but maintains, because of the motion pending, that the present case is exceptional.

The appellant, on the very day that the calendar was read or to be read, that is, on June 23, 1938, would still have had time to put it on the calendar. Putting the case on the calendar would have speeded up the disposition of the motion to dismiss made by the appellees. The Act itself indicates this. The appellant does not bring himself within any exception.

The judgment of the Chief Justice of October 6, 1938, should be affirmed.

Mr. Chief Justice Del Toro and Mr. Justice Travieso took no part in the decision of this case.